IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TRUE THE VOTE, INC., | ) |
| | ) |
| Plaintiff-Appellant | ) |
| | ) |
| v. | ) No. 14-5316 |
| | ) |
| INTERNAL REVENUE SERVICE, et al., | ) |
| | ) |
| Defendants-Appellees | ) |

**MOTION PURSUANT TO MAY 8, 2015 ORDER REGARDING
*Z STREET v. KOSKINEN*, FILED BY APPELLEES
THE UNITED STATES OF AMERICA AND
THE INTERNAL REVENUE SERVICE**

On May 8, 2015, this Court, on its own motion, ordered that the

instant appeal be held in abeyance pending further order of the Court

and directed the parties to file motions to govern future proceedings in

the case within 30 days after the Court's resolution of *Z Street v.

Koskinen*, No. 15-5010.  On June 19, 2015, the Court issued its opinion

in *Z Street.  See Z Street v. Koskinen*, No. 15-5010, 2015 WL 3797974

(D.C. Cir. June 19, 2015).  The Court's decision in *Z Street* does not

dispose of (or even address) the issues raised in this appeal.

Accordingly, the Government respectfully requests that the Court order

12861283.1

the parties in this case to proceed with briefing as set out in the Joint

Submission on Briefing Format filed by the parties on April 27, 2015.

To illustrate that *Z Street* does not dispose of the instant appeal,

we briefly describe the two cases and the issues raised therein.

1.  *True the Vote*.  Plaintiff-Appellant True the Vote is a nonprofit

organization that filed an application with the IRS for tax-exempt

status under Section 501(c)(3) of the Internal Revenue Code.  *True the

Vote v. Internal Revenue Service et al.*, No. 13-734, 2014 WL 5395036

(D.D.C. Oct. 23, 2014).  While its application was still pending with the

IRS, True the Vote filed the instant suit against the United States, the

IRS, and several current and former IRS employees in their official and

individual capacities, alleging that the defendants had targeted its

application for heightened scrutiny and unwarranted delay due to its

"mission of promoting election integrity and its perceived association

with 'Tea Party' organizations."  *Id*. at *2.  True the Vote alleged that

the IRS and its employees violated its First Amendment rights by using

"inappropriate criteria that identified for review Tea Party and other

organizations applying for tax-exempt status based upon their names or

policy positions instead of indications of potential political campaign

12861283.1

intervention." *Id.* In its complaint, True the Vote sought (i) a declaration granting its application that it qualified as a charity exempt from taxation under I.R.C. § 501(c)(3) (Count I), (ii) declaratory and injunctive relief pursuant to the First Amendment and the Administrative Procedure Act (Counts II and V), (iii) monetary damages against the individual IRS employees for violations of its First Amendment rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Count III), and (iv) monetary damages against the Government for violations of I.R.C. § 6103, which relates to the unlawful inspection of tax-return information (Count IV). *Id.* at *3.

While the suit was pending, the IRS determined that True the Vote qualified for tax-exempt status. *True the Vote*, 2014 WL 5395036, at *3. The Government filed a motion to dismiss, arguing that True the Vote's claims for declaratory and injunctive relief in Counts I, II, and V were moot, and that its claim for damages for the alleged unauthorized inspection of return information in Count IV failed to state a claim for which relief may be granted. (Doc. 54 at 1-2.) The Government did not address the *Bivens* claim asserted against the individual defendants in

12861283.1

- 4 -

their individual capacities (Count III); the *Bivens* claim was addressed

in separate motions to dismiss filed by private counsel representing the

individual defendants.

The District Court granted the Government's motion to dismiss.

The court first held that True the Vote had conceded that Count I

(seeking a declaration that True the Vote was tax-exempt) was moot

because the IRS had granted its application for exemption.  *True the*

*Vote*, 2014 WL 5395036, at *5.  The court also held that Counts II and V

(seeking declaratory and injunctive relief under the First Amendment

and the Administrative Procedure Act) were moot because the

"allegedly unconstitutional governmental conduct, which delayed the

processing of the plaintiff's tax-exempt application and brought about

this litigation, is no longer impacting the plaintiff."  *Id.*  In this regard,

the court determined that the IRS had granted True the Vote's

application, had publicly suspended the "alleged IRS targeting scheme

during the tax-exempt application process," and had taken "remedial

steps to address the alleged conduct."  *Id*. at *6 & n.7.  Finally, the court

held that True the Vote failed to state a claim under I.R.C. § 6103 based

on the IRS's "alleged unconstitutional conduct in *acquiring*" True the

12861283.1

- 5 -

Vote's tax-return information because "Section 6103 is silent as to how

tax return information can be acquired."[1]  *Id.* at *9-10.

    2. <u>Z Street</u>.  Like True the Vote, the plaintiff in *Z Street* is a

nonprofit organization that filed an application with the IRS for tax-

exempt status under Section 501(c)(3) of the Internal Revenue Code and

then filed suit in the District Court alleging that the processing of its

application was being delayed because of viewpoint discrimination in

violation of its First Amendment rights.  *Z Street*, 2015 WL 3797974, at

*1.  In this regard, Z Street, an organization "devoted to educating the

public about Zionism," alleged that the IRS had an "Israel Special

Policy," whereby the IRS scrutinized and thereby delayed the

processing of applications for exemption filed by organizations holding

"political views inconsistent with those espoused by the Obama

administration."  *Id.*  Z Street sought to enjoin the alleged Israel Special

Policy.  *Id.*

    The Government moved to dismiss, arguing that the action was

barred by the Anti-Injunction Act, which generally prohibits suits

---

[1] The District Court also granted the individual defendants'
motions to dismiss Count III of the complaint (the *Bivens* claim).  *True
the Vote*, 2014 WL 5395036, at *7-8.

- 6 -

"restraining the assessment or collection of any tax."  I.R.C. § 7421(a).

The District Court denied the Government's motion, holding that the

Anti-Injunction Act did not apply.  *Z Street, Inc. v. Koskinen*, 44 F.

Supp. 3d 48, 61-62 (D.D.C. 2014).

The Government petitioned for an interlocutory appeal, which this

Court granted.  The Court then affirmed the District Court's denial of

the Government's motion to dismiss, holding that the Anti-Injunction

Act "does not apply at all where the plaintiff has no other remedy for its

alleged injury," and that the Internal Revenue Code included no

provision that "would allow the court to review the allegedly

unconstitutional delay in processing Z Street's section 501(c)(3)

application."  *Z Street*, 2015 WL 3797974, at *6 (emphasis omitted).

3.  *Z Street* does not dispose of this appeal.  The issue addressed by

the Court in *Z Street* — whether the Anti-Injunction Act precludes a

suit to enjoin an allegedly unconstitutional delay in processing a tax-

exempt application — was not addressed by the District Court in this

case[2] and is not raised by the issues on appeal.  As described by the

---

[2] In its motion to dismiss, the Government asserted, as an
alternative to its mootness argument, that one of the counts in the

(continued...)

12861283.1

parties in their Joint Submission on Briefing Format, the four issues

raised by this appeal are as follows:

> 1.      Did the district court err in holding that Plaintiff-Appellant's First Amendment claim for monetary damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Count III) is not cognizable against agents and officials of the IRS?
>
> 2.      Did the district court err in holding that Plaintiff-Appellant's Amended Complaint failed to state a claim for relief against the Government based on unlawful inspections and disclosures of tax return information in violation of 26 U.S.C. § 6103 (Count IV)?
>
> 3.      Did the district court err in holding that Plaintiff-Appellant's First Amendment and Administrative Procedure Act (Counts II and V) claims against the Government are moot?
>
> 4.      Did the district court err in holding that Plaintiff-Appellant's request to stay agency action — specifically, Plaintiff-Appellant's request to enjoin public release of its application for tax-exempt status — is moot?

Joint Submission on Briefing Format at 1-2.  Thus, as demonstrated by

the parties' description of the issues in this appeal, the *Z Street* decision

does not dispose of this case because it does not address the issues

---

(…continued)

complaint (Count II) was precluded by the Anti-Injunction Act.  (Doc. 54 at 5-6.)  The District Court did not address that argument but dismissed Count II on the basis of the mootness doctrine.

- 8 -

raised by this appeal — *i.e.*, *Bivens*, the scope of I.R.C. § 6103, and the

mootness doctrine.

## CONCLUSION

The Government respectfully requests that the Court order the

parties in this case to proceed with briefing as proposed by the parties

in their Joint Submission on Briefing Format filed on April 27, 2015.

Since filing that Joint Submission, the parties have discussed the

potential briefing schedule.  Plaintiff, the Government, and the

Individual Defendants have conferred.  In the event Plaintiff's motion is

denied in whole or in part and there is to be briefing in this Court,

Defendants proposed the following briefing schedule, with which

Plaintiff concurs:

(1) Plaintiff files its opening brief within 60 days of the Court's

Order disposing of this motion;

(2) Defendants file their responsive briefs within 60 days from the

date on which Plaintiff files its opening brief; and

(3) Plaintiff will file any reply brief within 30 days from the date

on which Defendants file their responsive briefs.

12861283.1

The Government and the Individual Defendants do not oppose Plaintiff receiving additional time to file its briefs such that its opening brief would be due within 60 days of the Court's order and its reply brief would be due within 30 days of the Government's and the Individual Defendants' responsive briefs.  Plaintiff does not oppose the Government and the Individual Defendants receiving additional time to file their responsive briefs such that those briefs would be due within 60 days of Plaintiff's opening brief.  The proposed additional time is necessary in light of complexities arising from the number of defendants in this case and the obligations of counsel in other matters currently pending before this and other courts.

Respectfully submitted,

/s/  Judith A. Hagley
JUDITH A. HAGLEY            (202) 514-8126
  *Attorney for the United States & the IRS*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*
  Judith.a.hagley@usdoj.gov
  Appellate.Taxcivil@usdoj.gov

*Of Counsel:*
VINCENT H. COHEN, JR.
  *Acting United States Attorney*

July 20, 2015

12861283.1

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2015, I electronically filed the

foregoing Motion Pursuant to May 8, 2015 Order regarding *Z Street v.*

*Koskinen*, filed by Appellees the United States of America and the

Internal Revenue Service, with the Clerk of the Court for the United

States Court of Appeals for the District of Columbia by using the

CM/ECF system.  Counsel for the appellant and the individual

appellees are registered CM/ECF users and are being served by the

CM/ECF system.


/s/ Judith A. Hagley
JUDITH A. HAGLEY
*Attorney for Appellees United States & IRS*

12861283.1