IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| True the Vote, Inc., | |
| *Plaintiff-Appellant*, | Case No. 14-5316 |
| v. | |
| Internal Revenue Service, *et al.*, | |
| *Defendants-Appellees*. | |

**JOINT MOTION TO SET BRIEFING SCHEDULE BY
DAVID FISH, STEVEN GRODNITZKY, LOIS LERNER, STEVEN L.
MILLER, HOLLY PAZ, MICHAEL SETO, DOUGLAS H. SHULMAN,
CINDY M. THOMAS, WILLIAM W. WILKINS, JR., RONALD BELL,
JANINE L. ESTES, SUSAN MALONEY, AND FAYE NG**

All Defendants sued in their individual capacities—hereinafter "the Individual Defendants"[1]—respectfully submit this motion in response to the Court's Order of May 8, 2015, directing the parties to submit motions to govern further proceedings in this case. Doc. No. 1551495. Because *Z Street v. Koskinen*, No. 15-5010 (D.C. Cir. June 19, 2015), does not address and has no bearing on the district court's rationale for dismissing the *Bivens* action against the Individual

---

[1] The Individual Defendants are: David Fish, Steven Grodnitzky, Lois Lerner, Steven L. Miller, Holly Paz, Michael Seto, Douglas H. Shulman, Cindy M. Thomas, William W. Wilkins, Jr., Ronald Bell, Janine L. Estes, Susan Maloney, and Faye Ng.

Defendants, the Individual Defendants respectfully request that the Court order briefing on the schedule set forth below.

## DISCUSSION

This case arises out of Plaintiff's claim that the IRS and its employees violated its constitutional rights in the processing of Plaintiff's application for tax-exempt status. The sole relief sought against the Individual Defendants was damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). On October 23, 2014, the district court entered an order and memorandum opinion dismissing those damages claims. *See* Dist. Ct. Dkt. Nos. 102, 103. In particular, the district court found that special factors, including the existence of the "comprehensive remedial scheme set forth by the Internal Revenue Code," bar Plaintiff's claims for *Bivens* relief against the Individual Defendants. Dist. Ct. Dkt. No. 103 at 14-17; *see also Kim v. United States*, 632 F.3d 713, 717 (D.C. Cir. 2011) (finding special factors precluded *Bivens*' expansion to claims against IRS officers "in light of the comprehensive remedial scheme set forth by the Internal Revenue Code").

This Court held the ensuing appeal in abeyance pending resolution of *Z Street v. Koskinen*, No. 15-5010 (D.C. Cir.). Doc. No. 1551495. Now that *Z Street* has been decided, it has become clear that that case has no bearing on the propriety

of the *Bivens* claims asserted against the Individual Defendants and the district court's rationale for dismissing them.

For the past 35 years, the Supreme Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). Courts refuse to extend *Bivens* to a new context if "special factors counsel[] hesitation before authorizing a new kind of federal litigation." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). And "[o]ne 'special factor' that precludes creation of a *Bivens* remedy is the existence of a comprehensive remedial scheme." *Wilson v. Libby*, 535 F.3d 697, 705 (D.C. Cir. 2008).

Where Congress has already legislated in the area and created its own remedial scheme, the judiciary should not risk displacing Congress's judgment by invoking *Bivens* to superimpose its own, extra-statutory remedy. *Bush v. Lucas*, 462 U.S. 367, 388-90 (1983). Thus, the existence of a statutory remedy precludes *Bivens*' expansion even if that "existing remed[y] do[es] not provide complete relief," *id.* at 388, or does not "provide[] a remedy to the particular plaintiff for the particular claim he or she wishes to pursue," *Wilson*, 535 F.3d at 709; *see also Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988) (no *Bivens* action even though Congress had not "given a remedy in damages for emotional distress or for other hardships suffered because of delays" in processing disability benefits application).

3

In this case, the district court ruled that Circuit precedent "does *not* permit [it] to create a *Bivens* remedy for the plaintiffs against the individual IRS defendants." Dist. Ct. Dkt. No. 103 at 14 (emphasis added). The court explained that, in *Kim*, 632 F.3d at 717-18, this Court had found that special factors precluded *Bivens'* expansion to Fifth Amendment suits against IRS agents because the Internal Revenue Code provided its own "comprehensive remedial scheme." Dist. Ct. Dkt. No. 103 at 15. The court held that here, just as in *Kim*, Congress's provision of detailed remedial provisions in the Internal Revenue Code precludes judicial creation of a *Bivens* damages remedy against individual IRS agents. *Id.* at 15-16.

This Court's decision in *Z Street* has no bearing on the correctness of the district court's decision. *Z Street* does not address the judicially created damages remedy under *Bivens* or the circumstances where that remedy can be expanded to new contexts. Instead, *Z Street* addresses the extent to which the *Anti-Injunction Act* precludes a suit for injunctive and declaratory relief against the government.[2]

---

[2] In *Z Street*, an applicant for tax-exempt status sought a declaratory judgment that the IRS's alleged "Israel Special Policy"—which purportedly subjects to increased scrutiny tax exemption applications from organizations holding views on Israel that are inconsistent with those of the Administration—violates the First Amendment. *Z Street v. Koskinen*, No. 15-5010, slip op. at 2, 4-5 (D.C. Cir. June 19, 2015). The Court rejected the government's argument that the Anti-Injunction Act barred the plaintiffs' request for injunctive and declaratory relief. The Anti-Injunction Act, the Court held, does not apply to a lawsuit where the taxpayer does not have any other means of obtaining relief. *Id.* at 12-13.

It simply has no bearing on whether courts should extend the *Bivens* damages remedy against individual defendants to the IRS context and, in particular, to cases involving applications for tax-exempt status. In any event, whether or not *Bivens* should be extended to a new context is a purely legal question. *See Davis v. Billington*, 681 F.3d 377, 380 (D.C. Cir. 2012). This Court can therefore consider *Z Street* in the first instance as well as the district court can.

The Supreme Court has made clear that the qualified immunity inquiry—including whether there is a *Bivens* cause of action—should be resolved at the earliest possible opportunity. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam) (qualified immunity must be resolved at "earliest possible stage in litigation"); *Davis*, 681 F.3d at 49 (availability of *Bivens* remedy is "antecedent" to defense of qualified immunity). That ensures that "insubstantial claims" against government officials are resolved quickly, freeing government officials from litigation burdens that "can be peculiarly disruptive of effective government." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). In view of that directive from the Supreme Court, the Individual Defendants respectfully submit that briefing should resume and that the case be considered under the schedule set forth below.

## PROPOSED SCHEDULE AND FORMAT

Plaintiff, the Government, and the Individual Defendants have conferred. In the event Plaintiff's motion is denied in whole or in part and there is to be briefing

in this Court, Defendants proposed the following briefing schedule, with which Plaintiff concurs:

> (1) Plaintiff files its opening brief within 60 days of the Court's Order disposing of this motion;
>
> (2) Defendants file their responsive briefs within 60 days from the date on which Plaintiff files its opening brief; and
>
> (3) Plaintiff files any reply brief within 30 days from the date on which Defendants file their responsive briefs.

The Government and the Individual Defendants do not oppose Plaintiff receiving additional time to file its briefs such that its opening brief would be due within 60 days of the Court's order and its reply brief would be due within 30 days of the Government's and the Individual Defendants' responsive briefs. Plaintiff does not oppose the Government and the Individual Defendants receiving additional time to file their responsive briefs such that those briefs would be due within 60 days of Plaintiff's opening brief. The proposed additional time is necessary in light of complexities arising from the number of defendants in this case and the obligations of counsel in other matters currently pending before this and other courts.

Before this Court stayed proceedings in light of *Z Street*, the parties had agreed on a briefing format and had submitted their joint proposals to the Court. Doc. No. 1549271. For the Court's convenience, that proposal is attached hereto as Appendix A. Among other things, it requires all of the Individual Defendants, who are represented by separate counsel, to file a single joint brief. The Individual

Defendants respectfully request that the Court order briefing to proceed in the format set forth in that proposal.

July 20, 2015                                   Respectfully submitted,

/s/ Brigida Benitez                             /s/ Jeffrey A. Lamken

Brigida Benitez                                 Jeffrey A. Lamken
  *Counsel of Record*                           *Counsel of Record*
STEPTOE & JOHNSON LLP                           Martin V. Totaro
1330 Connecticut Avenue, N.W.                   Eric R. Nitz
Washington, D.C. 20036                          MOLOLAMKEN LLP
(202) 429-3000 (telephone)                      The Watergate, Suite 660
(202) 429-3902 (facsimile)                      600 New Hampshire Avenue, N.W.
bbenitez@steptoe.com                            Washington, D.C. 20037
                                                (202) 556-2000 (telephone)
                                                (202) 556-2001 (facsimile)
                                                jlamken@mololamken.com

*Counsel for David Fish, Steven Grodnitzky, Lois Lerner, Steven L. Miller, Holly Paz, Michael Seto, Douglas H. Shulman, Cindy M. Thomas, and William W. Wilkins, Jr.*

*Counsel for Ronald Bell, Janine L. Estes, Susan Maloney, and Faye Ng*

## CERTIFICATE OF SERVICE

I certify that on July 20, 2015, I caused one copy of the foregoing Joint Motion to Set Briefing Schedule to be filed with the Clerk of Court and served on all parties using the CM/ECF System.

/s/ Jeffrey A. Lamken
Jeffrey A. Lamken

# Appendix A

IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TRUE THE VOTE, INC.<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, *et al.*<br><br>        Defendants-Appellees. | No. 14-5316 |

**JOINT SUBMISSION ON BRIEFING FORMAT**

Pursuant to this Court's Order of March 27, 2015, the parties in the above-captioned appeal respectfully submit this joint submission regarding the briefing format.

Four issues are raised in this appeal:

1.    Did the district court err in holding that Plaintiff-Appellant's First Amendment claim for monetary damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Count III) is not cognizable against agents and officials of the IRS?

2.    Did the district court err in holding that Plaintiff-Appellant's

1

12650136.1

Amended Complaint failed to state a claim for relief against the Government based on unlawful inspections and disclosures of tax return information in violation of 26 U.S.C. § 6103 (Count IV)?

    3.    Did the district court err in holding that Plaintiff-Appellant's First Amendment and Administrative Procedure Act (Counts II and V) claims against the Government are moot?

    4.    Did the district court err in holding that Plaintiff-Appellant's request to stay agency action—specifically, Plaintiff-Appellant's request to enjoin public release of its application for tax-exempt status—is moot?

The parties propose a briefing format as follows:

Plaintiff-Appellant's Opening Brief

Plaintiff-Appellant intends to file a single opening brief in compliance with the 14,000-word limit set forth in Federal Rule of Appellate Procedure 32(a)(7)(B)(i) and Circuit Rule 32(a).

Defendants-Appellees' Briefs in Response

Pursuant to a determination made by the Department of Justice at the beginning of this litigation, the Government and the Defendants-Appellees sued in their official capacities (the "Government") are represented by the Tax Division of

2

12650136.1

USCA Case #14-5316    Document #1549271         Filed: 04/27/2015    Page 3 of 8

the Department of Justice. The Defendants-Appellees sued in their individual capacities (the "Individual-Capacity Appellees") are represented by private counsel.

In light of this arrangement, and consistent with the practice followed in the district court, the parties propose that the Individual-Capacity Appellees will jointly file a single responsive brief that addresses the *Bivens* claim (Issue 1), and the Government will file a separate brief that addresses the remaining claims (Issues 2 through 4). Because the Defendants-Appellees' respective briefs will address distinct issues, neither will repeat the legal argument presented by the other. Defendants-Appellees propose that their respective briefs will each comply with the standard 14,000-word limit for responsive briefs. Plaintiff-Appellant does not oppose this request.

Plaintiff-Appellant's Reply Brief

Plaintiff-Appellant proposes filing one reply brief in response to the responsive briefs of the Government and the Individual-Capacity Appellees. Because Plaintiff-Appellant might be replying to a total of up to 28,000 words (14,000 words per responsive brief), Plaintiff-Appellant proposes that its reply brief be limited to 14,000 words, or twice the 7,000 word limit for reply briefs as

12650136.1

provided by Federal Rule of Civil Procedure 32(a)(7)(B)(ii). Defendants-Appellees do not oppose this request, provided that no more than 7,000 words from Plaintiff-Appellant's reply is directed toward any single responsive brief.

Accordingly, Plaintiff-Appellant proposes the following breakdown of words necessary to address each issue in its reply brief:

Issue 1 (*Bivens*) – approximately 7,000 words

Issue 2 (§ 6103) – approximately 2,000 words

Issue 3 (Mootness) – approximately 4,500 words

Issue 4 (Stay Request) – approximately 500 words

Dated: April 27, 2015

Respectfully submitted,

Cleta Mitchell (D.C. 433386)
Michael J. Lockerby (D.C. 502987)
FOLEY & LARDNER, LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, DC 20007
(202) 672-5300 (telephone)
(202) 672-5399 (fax)
mlockerby@foley.com
cmitchell@foley.com
  -and-

12650136.1

William E. Davis (D.C. 280057)
Mathew D. Gutierrez (Fla. 0094014)*
FOLEY & LARDNER, LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
(305) 482-8404 (telephone)
(305) 482-8600 (fax)
wdavis@foley.com
mgutierrez@foley.com
*Lead Counsel for Appellant*

   /s/ Kaylan L. Phillips
Kaylan L. Phillips (D.C. 1110583)
Noel H. Johnson (Wisc. 1068004)
PUBLIC INTEREST LEGAL FOUNDATION
209 West Main Street
Plainfield, IN 46168
(317) 203-5599 (telephone)
(888) 815-5641 (fax)
kphillips@publicinterestlegal.org
njohnson@ publicinterestlegal.org
*Counsel for Appellant*

John C. Eastman (Cal. 193726)
Center for Constitutional Jurisprudence
c/o Chapman University School of Law
One University Drive
Orange, CA 92866
(877) 855-3330 x2 (telephone)
(714) 844-4817 (fax)
jeastman@chapman.edu
*Counsel for Appellant*

 *Applications for admission pending or forthcoming

5

12650136.1

/s/ Judith A. Hagley
Judith A. Hagley
Attorney, Tax Division
Department of Justice
Post Office Box 502
Washington, D.C. 20044
Tel. (202) 514-8126
Fax (202) 514-8456
Judith.a.hagley@usdoj.gov
Appellate.Taxcivil@usdoj.gov
*Counsel for Appellees United States & IRS*


/s/ Jeffrey A. Lamken
Jeffrey A. Lamken (D.C. Bar No. 440547)
   *Counsel of Record*
Martin V. Totaro (D.C. Bar No. 983193)
Eric R. Nitz (D.C. Bar No. 1011107)
MoloLamken LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202 556-2001 (facsimile)
jlamken@mololamken.com

*Counsel for Ronald Bell, Susan Maloney,
Faye Ng, and Janine Estes*


/s/ Brigida Benitez
Brigida Benitez (D.C. Bar No. 446144)
   *Counsel of Record*
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW

6

12650136.1

Washington, DC  20036
(202) 429-3000 (telephone)
(202) 429-3902 (facsimile)
bbenitez@steptoe.com

*Counsel for David Fish, Steven Grodnitzky, Lois Lerner, Steven Miller, Holly Paz, Michael Seto, Douglas Shulman, Cindy Thomas, and William Wilkins*

7

12650136.1

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Joint Submission on Briefing Format with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on April 27, 2015. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: April 27, 2015                               /s/ Kaylan L. Phillips
                                                        Kaylan L. Phillips
                                                        kphillips@publicinterestlegal.org
                                                        *Counsel for Appellant*

12650136.1