IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TRUE THE VOTE, INC.<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, *et al.*<br><br>    Defendants-Appellees. | No. 14-5316 |

**Plaintiff-Appellant's Motion for Partial Reversal and Remand**

  Pursuant to Federal Rule of Appellate Procedure 27 and this Court's Order of May 8, 2015 directing the parties "to file motions to govern future proceedings in this case within 30 days after the court's resolution of No. 15-5010, *Z Street v. Koskinen*," Plaintiff-Appellant True the Vote respectfully moves for partial reversal and remand. *Z Street* requires that the district court accept as true the allegations in True the Vote's complaint that the IRS is engaging in unconstitutional viewpoint discrimination against True the Vote, which entitles True the Vote to pursue its causes of action. Because the district court did not accept that allegation as true, and consistent with *Z Street*, remand is warranted.

**Background**

*Z Street*

  Z Street "is a nonprofit organization devoted to educating the public about

1

Zionism' and 'the facts relating to the Middle East." *Z Street v. Koskinen*, 2015 U.S. App. LEXIS 10326, *1 (D.C. Cir., June 19, 2015) (citations and quotations omitted). In 2009, Z Street applied for recognition with the Internal Revenue Service (IRS) as a tax-exempt organization under section 501(c)(3) of the Internal Revenue Code (IRC). *Z Street, Inc. v. Koskinen*, 44 F. Supp. 3d 48, 52 (D.D.C. 2014).

Z Street alleged that an IRS agent informed Z Street's lawyer that "the IRS is carefully scrutinizing organizations that are in any way connected with Israel and that these cases are being sent to a special unit in the D.C. office to determine whether the organization's activities contradict the Administration's public policies." *Z Street*, 2015 U.S. App. LEXIS 10326 at *4 (citations and quotations omitted). Based on this conversation, Z Street alleged that the IRS has an "Israel Special Policy," under which organizations "holding views about Israel inconsistent with those espoused by the Obama administration [are] scrutinized differently and at greater length" than those organizations who do not hold such views. *Id*. at *5. Z Street claimed that the "Israel Special Policy" constitutes "blatant viewpoint discrimination in violation of the First Amendment." *Id*.

The IRS moved to dismiss under Federal Rules of Procedure 12(b)(1) and 12(b)(6), arguing, in relevant part, that the action sought to restrain the assessment or collection of taxes and therefore the court lacked jurisdiction under the Anti-

Injunction Act to allow Z Street's claims to proceed. On the merits, the IRS denied both that the IRS had an "Israel Special Policy" and that the IRS is engaging in viewpoint discrimination against Z Street. *Id*. at *6.

The district court denied the motion to dismiss, concluding that "Z Street's First Amendment claim . . . cannot properly be characterized as a lawsuit implicating the assessment or collection of taxes because the organization seeks only to have a constitutionally valid process used when its application for Section 501(c)(3) status is evaluated—nothing more and nothing less." *Id*. at *7 (citations and quotations omitted).

On interlocutory appeal, the IRS reiterated its argument that the Anti-Injunction Act barred Z Street's First Amendment claim. Summarizing Supreme Court precedent, this Court first explained that "in administering the tax code, the IRS may not discriminate on the basis of viewpoint." *Id*. at *12. And because it was ruling on a motion to dismiss, the district court was required to "assume the truth of Z Street's allegations" concerning the existence of a policy that discriminated on the basis of Z Street's viewpoint. *Id*. at *8. Accordingly, this Court affirmed the lower court's determination that the Anti-Injunction Act does not bar Z Street's request to enjoin the IRS from engaging in viewpoint discrimination. *Id*. at *14-15. Specifically, this Court explained that the Anti-Injunction Act does "not apply at all" where the plaintiff has "no other remedy" for

the alleged injury. *Id*. at *15 (citing *South Carolina v. Regan*, 465 U.S. 367 (1984)).

*True the Vote*

Plaintiff-Appellant True the Vote, Inc. filed its Application for Recognition of Exemption Under Section 510(c)(3) of the IRC (Form 1023) with the IRS on July 15, 2010. (Dkt. 14 ¶ 53.)[1] Like Z Street, True the Vote was one of many hundreds of organizations subjected to viewpoint discrimination by the IRS, alleging that it was perceived by the IRS to hold views contrary to those of the current administration. (*See, e.g.*, Dkt. 14 ¶ 73.) The existence of what has become known as the IRS Targeting Scandal was documented by the Treasury Inspector General for Tax Administration ("TIGTA") in a report issued on May 13, 2013, confirming True the Vote's allegations. (Dkt. 14-6.) Because of True the Vote's perceived viewpoint and policy positions, the IRS systematically delayed True the Vote's application for over three years, during which the IRS propounded repeated, intrusive, unnecessary and burdensome requests for information from and about True the Vote. (Dkt. 14 ¶¶ 50-81.) True the Vote complied with each of the IRS's requests for information in order that its application for exempt status not be deemed withdrawn. (Dkt. 14 ¶¶ 57, 64, 67.)

On May 21, 2013, True the Vote filed the Verified Complaint for

---

[1] All citations refer to the district court docket unless otherwise indicated.

4

Declaratory Judgment, Declaratory and Injunctive Relief and Damages (Dkt. 1) in the United States District Court for the District of Columbia. True the Vote's complaint involved five causes of action, the first being a declaratory judgment pursuant to 26 U.S.C. § 7428 finding that True the Vote is a tax-exempt charitable and education organization.  In addition, however, True the Vote sought a declaratory judgment and injunctive relief to prevent further infringement of True the Vote's First Amendment rights of free speech and association (Count II); damages pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) resulting from the defendants' violations of True the Vote's First Amendment rights of free speech and association (Count III); damages pursuant to 26 U.S.C. § 7431 caused by unlawful inspection of True the Vote's tax return information in violation of 26 U.S.C. § 6103 (Count IV); and, a declaratory judgment and injunctive relief from violations of the Administrative Procedures Act (Count V). On July 22, 2013, True the Vote amended its complaint to include additional defendants. (Dkt. 14.)

On September 20, 2013, the day the Government's response was due, the Government notified the Court and True the Vote that the IRS had decided to grant True the Vote's application for exempt status. The Government concurrently moved, as it did in *Z Street*, to dismiss the claims against it under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), (Dkt. 54 at 1), explaining  that "since

5

Plaintiff filed this action," the IRS had finally determined to grant True the Vote's application for tax-exempt status and argued that Counts I, II, and V were consequently moot. (*Id*. at 1.) On September 26, 2013, the IRS issued its determination letter to True the Vote, granting True the Vote's application for tax-exempt status. Because approved applications are available for public inspection, 26 U.S. Code § 6104(a)(1)(A), on November 16, 2013, True the Vote filed the Motion to Stay Agency Action (Dkt. 68), seeking to prevent the IRS from making public certain confidential application materials unlawfully collected by the IRS pursuant to the IRS Targeting Scheme. On October 18, 2013, the Individual Defendants moved to dismiss all claims against them. (Dkts. 63-64.)

On October 23, 2014, the district court granted the defendants' motions to dismiss (Dkts. 102-103), on the basis that it lacked subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), to hear the declaratory judgment claim under 26 U.S.C. § 7428 (Count I), the First Amendment claims for declaratory and injunctive relief (Counts II), the claim for declaratory and injunctive relief under the APA (Count V), and the motion to stay agency action, reasoning that those claims were rendered moot once the IRS granted True the Vote's application. *True the Vote, Inc. v. IRS*, 2014 U.S. Dist. LEXIS 151072, *14-17 (D.D.C. 2014). The court further held that the Amended Complaint failed to state a *Bivens* claim (Count III) upon which relief could be granted, Fed. R. Civ. P. 12(b)(6), because, as a matter

6

of law, *Bivens* claims are not cognizable against agents and officials of the IRS. *Id*. at *25-31. Lastly, the district court held that the Amended Complaint failed to state a claim for unlawful inspection of tax return information (Count IV). *Id*. at *31-39. On December 18, 2014, True the Vote timely appealed the district court's decision in its entirety.

On January 20, 2015, True the Vote filed a Certificate as to Parties, Rulings, and Related Cases with this Court. In it, True the Vote disclosed *Z Street v. Koskinen* (15-5010) as a related case because it presents substantially similar issues as those involved in this appeal.

On May 4, 2015, oral argument was held in *Z Street*. On May 8, 2015, this Court issued an order holding this matter in abeyance and requesting motions from the parties regarding future proceedings in this case, to be filed within 30 days of a decision in *Z Street*, advising the Court of *Z Street's* impact on the present case.

**Legal Standard**

Generally speaking, remand is appropriate when district court or agency reconsideration is necessary. *See*, *e.g.*, *Raton Gas Transmission Co. v. FERC*, 852 F.2d 612 (D.C. Cir. 1988); *Siegel v. Mazda Motor Co.*, 835 F.2d 1475 (D.C. Cir. 1987). "Remand is warranted not only when further fact-finding by the district court is necessary, but also when it would be helpful." *Latif v. Obama*, 666 F.3d 746, 763 n.19 (D.C. Cir. 2011) (internal quotations omitted).

**Grounds for Remand**

1. **The District Court's Application of FRAP 12(b)(1) Is in Conflict with *Z Street*.**

    a. ***Z Street* Requires the Court to Accept as True the Allegation that the IRS is Engaging in Viewpoint Discrimination Against True the Vote.**

Z Street's complaint alleged that the IRS has an "Israel Special Policy" under which it is subjecting Z Street to unconstitutional viewpoint discrimination. The IRS "disputed Z Street's allegations, contending that 'there simply was no viewpoint discrimination' because 'there is no "Israel Special Policy" and Z Street's application has not been subject to "heightened scrutiny."'" *Z Street*, 2015 U.S. App. LEXIS 10326 at *6.

During oral argument, and again in its decision, *id*. at *2, 7, and 8, this Court adamantly reiterated that this Court is required to accept "to accept as true, one, that there's a special Israel policy, two, that it's different from others, and three, that it's causing delay." *See* Oral Arg. Rec., *Z Street v. Koskinen*, May 4, 2015, No. 15-5010, at 18:49 ("I still don't understand why you keep emphasizing that it's unwritten…given the stage of this litigation…we have to accept as true, one, that there's a special Israel policy, two, that it's different from others, and three, that it's causing delay….for purposes of deciding this case, we just have to assume that's true.") *See also* Oral Arg. Rec. at 10:18 ("You say 'the purpose of their case' but the only way we know about the purpose of their case is to look at their

Complaint. We have no other basis for judging…their prayer for relief does not ask for tax exemption. It asks for a constitutionally-fair process.") and Oral Arg. Rec. 15:51 ("Wait, you keep going back to 'concrete policy.' We have a complaint with a specific allegation and it's a motion to dismiss. So we have to accept…for purposes of the way we think about this, the IRS does have a Special Israel Policy.").

True the Vote similarly alleged that the IRS has a policy under which it is subjecting True the Vote to unconstitutional viewpoint discrimination. (Dkt. 14 ¶¶ 73-76, 156.)) The Government likewise disputes that allegation, contending that the IRS is not currently in engaging in viewpoint discrimination against True the Vote. (Dkt. 54 at 3.)

Under *Z Street*, the district court is required to accept as true the allegation that the IRS is engaging in viewpoint discrimination against True the Vote.

### b. The District Court Contravened *Z Street* through the Improper and Selective Use of Judicial Notice to Resolve Disputed Facts.

The district court's dismissal was based in part on the factual finding that the alleged viewpoint discrimination "is no longer impacting the plaintiff." *True the Vote*, 2014 U.S. Dist. LEXIS 151072 at *16. That finding was not based on evidence submitted by the Government. Instead, the district court reached its decision by taking judicial notice of disputed facts and by relying on out-of-court statements by the defendant. *Id*. at *18 n.7.

9

Specifically, the district court accepted as fact that the IRS had suspended the use of the "Be On the Lookout" list (BOLO)[2] and took remedial steps to address the discriminatory conduct.[3] *Id*. The source for both of these assertions is an extra-record report and website post prepared by the IRS. *Id*. (citing IRS Action Plan at 7, 14, App. C; IRS Charts a Path Forward [W]ith Immediate Actions, http://www.irs.gov/uac/Newsroom/IRS-Charts-a-Path-Forward-with-Immediate-Actions (last visited Oct. 23, 2014) ("IRS Path Forward"). Such self-serving agency materials are "not the type of document[s] about which there can be no reasonable dispute." *Cnty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 78 (D.D.C. 2008) (Walton, J.) (refusing request to take judicial notice of Inspector General's report because "[t]he Court knows nothing about the investigative process which led to the report's conclusions, and it cannot access the report's

---

[2] The BOLO list was an internal IRS document that contained words and criteria such as "Tea Party," "Patriots," or "9/12 Project," which screeners used to flag applications for additional scrutiny and delay.

[3] Even if these findings are accepted as true, remand is still warranted because True the Vote's allegations concerning viewpoint discrimination by the IRS—which must be taken as true—are much broader in scope than the use of one document. (*See* Dkt. 14 at 47 (seeking injunction against IRS Targeting Scheme and "any other similar policy"). Indeed, the BOLO list was simply one manifestation of what the House Committee on Oversight and Government Reform called a "culture of bias against conservative organizations among certain IRS employees." United States House of Representatives, Committee on Oversight and Government Reform, *The Internal Revenue Service's Targeting of Conservative Tax-Exempt Applicants: Report of Findings for the 113th Congress* at 209 (Dec. 23, 2014).

validity…."). Rather, whether the targeting of certain tax-exempt groups exists is a question of considerable dispute in both this case and in *Z Street*, and is thus not a fact subject to judicial notice. *Dasisa v. Univ. of Mass.*, 2006 U.S. App. LEXIS 12547, 2 (D.C. Cir. May 2, 2006) (unpublished) ("Insofar as the request pertains to matters that are debatable, these do not qualify as 'adjudicative facts' of which the court will take judicial notice under Rule 201.").

When the judicially-noticed facts on which the district court premised its mootness holding are properly rejected, there remains no evidence in the record from which the district court could adduce facts outside of the complaint. *See Settles v. United States Parole Comm'n*, 306, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (In ruling on 12(b)(1) motion, court may "consider[] facts developed *in the record* beyond the complaint." (emphasis added)). Pursuant to the rule of *Z Street*, the district court must accept True the Vote's allegations concerning viewpoint discrimination as true. Because it did not, its decision is erroneous and, for the sake of judicial economy, should be remanded with instructions to conduct fact finding on the merits.[4]  *Latif*, 666 F.3d at 763 n.19 ("Remand is warranted not only when

---

[4] Furthermore, whether the IRS is currently engaging in viewpoint discrimination is a question that is so intertwined with the jurisdictional issue of mootness that it is inappropriate to decide it without at least conducting some discovery. *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 198 (D.C. Cir. 1992) ("[T]hough the trial court may rule on disputed jurisdictional facts at any time, if they are inextricably intertwined with the merits of the case it should usually defer its jurisdictional

11

further fact-finding by the district court is necessary, but also when it would be helpful.") (internal quotations omitted).

## Conclusion

For the foregoing reasons, True the Vote respectfully requests that this Court reverse the lower court's determination based upon a misapplication of the 12(b)(1) standard and remand the case to the district court for further proceedings

---

decision until the merits are heard."); *see also Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("[W]hen the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous.")).

Dated: July 20, 2015

Respectfully submitted,

Cleta Mitchell (D.C. 433386)
Michael J. Lockerby (D.C. 502987)
FOLEY & LARDNER, LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, DC 20007
(202) 672-5300 (telephone)
(202) 672-5399 (fax)
mlockerby@foley.com
cmitchell@foley.com
  -and-
William E. Davis (D.C. 280057)
Mathew D. Gutierrez (Fla. 0094014)*
FOLEY & LARDNER, LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
(305) 482-8404 (telephone)
(305) 482-8600 (fax)
wdavis@foley.com
mgutierrez@foley.com
*Lead Counsel for Appellant*

   /s/ Noel H. Johnson
Kaylan L. Phillips (D.C. 1110583)
Noel H. Johnson (Wisc. 1068004)
PUBLIC INTEREST LEGAL FOUNDATION
209 West Main Street
Plainfield, IN 46168
(317) 203-5599 (telephone)
(888) 815-5641 (fax)
kphillips@publicinterestlegal.org
njohnson@ publicinterestlegal.org
*Counsel for Appellant*

John C. Eastman (Cal. 193726)
Center for Constitutional Jurisprudence
c/o Chapman University School of Law
One University Drive
Orange, CA 92866
(877) 855-3330 x2 (telephone)
(714) 844-4817 (fax)
jeastman@chapman.edu
*Counsel for Appellant*

 **Applications for admission pending or forthcoming*

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Motion for Partial Reversal and Remand with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on July 20, 2015. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated: July 20, 2015                                   /s/  Noel H. Johnson
                                                                     *Counsel for Appellant*