IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TRUE THE VOTE, INC.<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, *et al.*<br><br>    Defendants-Appellees. | No. 14-5316 |

**Plaintiff-Appellant's Response to Motion Pursuant to May 8, 2015
Order Regarding *Z Street v. Koskinen***

The United States of America and the Internal Revenue Service (hereafter, the "Government") assert that this Court's decision in *Z Street v. Koskinen*, 2015 U.S. App. LEXIS 10326 (D.C. Cir., June 19, 2015) does not address the issues raised in this appeal and this Court should therefore order the parties to proceed with briefing. (Doc. #156326, hereafter, "Gov. Motion".)[1]

Importantly, the Government acknowledged that both True the Vote and Z

---

[1] The Individual Defendants have also moved this Court to order briefing to proceed. (Doc. #1563334.) True the Vote agrees that *Z Street* does not address the *Bivens* claims against the Individual Defendants. However, in the event True the Vote's Motion for Partial Reversal and Remand is granted and the case is remanded to the district court, this Court will be divested of jurisdiction to hear those claims, rending the motion moot. *See* D.C. Circuit Rule 41(b) ("If the case is remanded, this court does not retain jurisdiction, and a new notice of appeal or petition for review will be necessary if a party seeks review of the proceedings conducted on remand.").

1

Street allege targeting by the Government, in contravention of their First Amendment rights. *See* Gov. Motion at 5 ("Like True the Vote, [Z Street] is a nonprofit organization that filed an application with the IRS for tax-exempt status … and then filed suit … alleging that the processing of its application was being delayed because of viewpoint discrimination in violation of its First Amendment rights.") Yet the Government argues that the cases are not analogous because the issue raised by the Court in *Z Street*—whether the Anti-Injunction Act precludes the action—was not addressed by the district court in this case and is not raised by the issues on appeal.[2] *Id.* at 6-7. The Government's argument misses the mark. True the Vote's Motion for Partial Reversal and Remand does not rely solely on this Court's holding regarding the Anti-Injunction Act, but also on the Court's unequivocal affirmation that under Rule 12(b)(1), the district court is required to accept as true the allegation in the complaint concerning viewpoint discrimination.

As outlined in more detail in True the Vote's Motion, True the Vote and Z Street both found themselves targeted by the IRS for unprecedented delay and scrutiny as a result of their views and policy positions. True the Vote and Z Street both alleged that such discriminatory treatment constitutes blatant viewpoint

---

[2] The Government agrees that the issues presented in the parties' Joint Submission on Briefing Format do not include the issue of whether the Anti-Injunction Act precludes some of True the Vote's claims against the Government. (*See* Gov. Motion at 7.) For that reason, the Government should be precluded from later addressing that issue in its briefs to this Court.

2

discrimination in violation of the First Amendment and requested relief in the form of a constitutionally fair review process. In each case, the Government moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

This Court explained in *Z Street* that under Rule 12(b)(1), the district court is required to accept as true the allegation in the complaint that the IRS is engaging in unconstitutional viewpoint discrimination against Z Street. 2015 U.S. App. LEXIS 10326 at *2, *7, and *8. The rule of *Z Street* means the district court is required to also accept as true the allegation in True the Vote's complaint that the IRS is engaging in viewpoint discrimination against True the Vote. The district court did not accept that allegation as true, but went out of its way to resolve disputed issues of fact using selective and improper use of judicial notice. Remand for fact finding is therefore warranted.

Dated: July 30, 2015

Respectfully submitted,

Cleta Mitchell (D.C. 433386)
Michael J. Lockerby (D.C. 502987)
FOLEY & LARDNER, LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, DC 20007
(202) 672-5300 (telephone)

(202) 672-5399 (fax)
mlockerby@foley.com
cmitchell@foley.com

  -and-

William E. Davis (D.C. 280057)
Mathew D. Gutierrez (Fla. 0094014)
FOLEY & LARDNER, LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
(305) 482-8404 (telephone)
(305) 482-8600 (fax)
wdavis@foley.com
mgutierrez@foley.com
*Lead Counsel for Appellant*

    /s/ Noel H. Johnson
Kaylan L. Phillips (D.C. 1110583)
Noel H. Johnson (Wisc. 1068004)
PUBLIC INTEREST LEGAL FOUNDATION
209 West Main Street
Plainfield, IN 46168
(317) 203-5599 (telephone)
(888) 815-5641 (fax)
kphillips@publicinterestlegal.org
njohnson@ publicinterestlegal.org
*Counsel for Appellant*

John C. Eastman (Cal. 193726)
Center for Constitutional Jurisprudence
c/o Chapman University School of Law
One University Drive
Orange, CA 92866
(877) 855-3330 x2 (telephone)
(714) 844-4817 (fax)
jeastman@chapman.edu
*Counsel for Appellant*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Response to Motion Pursuant to May 8, 2015 Order Regarding Z Street v. Koskinen with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on July 30, 2015. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated: July 30, 2015                             /s/ Noel H. Johnson
                                                              *Counsel for Appellant*