## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| True the Vote, Inc., | │ | |
| | │ | |
| *Plaintiff-Appellant*, | │ | Case No. 14-5316 |
| | │ | |
| v. | │ | |
| | │ | |
| Internal Revenue Service, *et al.*, | │ | |
| | │ | |
| *Defendants-Appellees*. | │ | |

---

**JOINT OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION FOR PARTIAL REVERSAL AND REMAND BY DAVID FISH, STEVEN GRODNITZKY, LOIS LERNER, STEVEN L. MILLER, HOLLY PAZ, MICHAEL SETO, DOUGLAS H. SHULMAN, CINDY M. THOMAS, WILLIAM W. WILKINS, JR., RONALD BELL, JANINE L. ESTES, SUSAN MALONEY, AND FAYE NG**

---

The Defendants sued in their individual capacities—hereinafter "the Individual Defendants"[1]—respectfully submit this joint opposition to Plaintiff-Appellant's Motion for Partial Reversal and Remand. *See* Doc. No. 1563335. Plaintiff-Appellant True the Vote addresses neither the claims against the Individual Defendants nor the district court's reasons for dismissing those claims. And it does not suggest any reason for delaying resolution of the Individual Defendants'

---

[1] The Individual Defendants are: David Fish, Steven Grodnitzky, Lois Lerner, Steven L. Miller, Holly Paz, Michael Seto, Douglas H. Shulman, Cindy M. Thomas, William W. Wilkins, Jr., Ronald Bell, Janine L. Estes, Susan Maloney, and Faye Ng.

defense of qualified immunity, which must be resolved at the earliest possible opportunity.  Accordingly, this Court's consideration of those claims should proceed according to the schedule set forth in the Individual Defendants' Joint Motion to Set Briefing Schedule.  Doc. No. 1563334.

## DISCUSSION

True the Vote asks for "partial reversal and remand" in light of the Court's opinion in *Z Street v. Koskinen*, No. 15-5010, slip op. (D.C. Cir. June 19, 2015).  Mot. 1.  True the Vote, however, does not argue at any point that *Z Street* requires reversal of the district court's ruling in favor of the Individual Defendants.  True the Vote's motion does not even mention the district court's grounds for that ruling—that the "comprehensive remedial scheme set forth by the Internal Revenue Code" precludes True the Vote's claim for individual damages under *Bivens*, D. Ct. Dkt. No. 103 at 14-17.  *See also Kim v. United States*, 632 F.3d 713, 717 (D.C. Cir. 2011) (finding special factors precluded *Bivens*' expansion to claims against IRS officers "in light of the comprehensive remedial scheme set forth by the Internal Revenue Code").

That is no accident.  True the Vote's sole basis for seeking partial summary reversal is its assertion that the district court violated *Z Street* by failing to accept as true the Complaint's allegations that True the Vote continues to suffer an on-going constitutional violation (specifically attacking the court's conclusion that the

2

IRS "had suspended the use of the 'Be On the Lookout' list . . . and took remedial steps to address the discriminatory conduct"). Mot. 9-10. The *Bivens* claims against the Individual Defendants, however, concern a request for retroactive relief—damages—for a past constitutional violation. In addition, the district court's specific holding, that *Bivens* should not be extended to this new context, does not depend on whether there has been a constitutional violation. It turns instead on a strictly legal question—whether a judicially implied damages remedy is "the best way to implement [the] constitutional guarantee" in the specific context in which the violation arose. *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). *Z Street* thus has no bearing on the viability of True the Vote's *Bivens* claims. *See Kim*, 632 F.3d at 717.

For that reason, True the Vote asks for a "partial reversal and remand," Mot. 1, that appears to exclude the claims against the Individual Defendants.[2] But this appeal was filed as a single unit and given a single docket number. In the ordinary

---

[2] True the Vote does not identify the specific claims to be remanded. Nevertheless, True the Vote's motion seems to target *only* the claims alleged against the Government and official capacity defendants. For example, True the Vote refers to the district court's "mootness holding," Mot. 11, but the district court did not dispose of the *Bivens* claims on mootness grounds, D. Ct. Dkt. No. 103 at 13-17. The Plaintiffs-Appellants in a related case, *Linchpins of Liberty v. United States*, explicitly seek remand only for those claims directed at the Government and official capacity defendants. *Linchpins of Liberty v. United States*, Plaintiffs'-Appellants' Motion for Partial Reversal and Remand, No. 15-5013, at 16 (D.C. Cir. filed July 20, 2015) (Doc. No. 1563255).

course, all issues in an appellate case are considered as a unit and resolved as a unit (except where certain matters or parties are excluded at the threshold on jurisdictional grounds). That would seem the appropriate course here. Indeed, the issue on which True the Vote claims to have intervening precedent affects just one of its many claims against the Government and official capacity defendants. And it has no effect at all on any claims against the Individual Defendants.

While True the Vote believes *Z Street* gives it one additional argument for one particular claim against the Government and official capacity defendants, that argument—which is purely legal—can be considered together with its other arguments against the Government and official capacity defendants. The Individual Defendants respectfully submit that *Z Street* is an insufficient basis for replacing the ordinary course—in which all ripe and not-otherwise-mooted issues in the appeal are resolved together—in favor of a process that results in multiple or piecemeal appeals.

Finally, resorting to piecemeal resolution would be particularly inappropriate because the specific holding True the Vote ascribes to *Z Street* is hardly new. True the Vote argues that "[u]nder *Z Street*, the district court is required to accept as true the allegation that the IRS is engaging in viewpoint discrimination against True the Vote." Mot. 9. But *Z Street* simply applied the longstanding principle that, under Federal Rules of Civil Procedure 12(b)(1) and (6), a court must "assume the truth

4

of all material factual allegations in the complaint." Slip op. 5-6 (citing *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). True the Vote thus could have sought summary reversal on identical grounds before the February 2, 2015 deadline for dispositive motions. *See* Doc. No. 1528285. It did not. True the Vote's request over five months later is untimely. This Court has established a "high standard . . . for motions for summary reversal." *United States v. Ecker*, 479 F.2d 1206, 1208 (D.C. Cir. 1973) (denying motion for summary reversal and affirming *sua sponte*). True the Vote's recitation of a well-established rule, re-peated in *Z Street*, almost six months after the deadline, does not satisfy that standard.[3]

In all events, regardless of how the Court resolves True the Vote's motion for a partial remand, the Individual Defendants respectfully request that the Court

---

[3] We also note that *Z Street* involved a tax-exemption applicant whose application was then-pending before the IRS and who sought "to prevent the IRS from unconstitutionally delaying consideration of its application." Slip op. at 10. True the Vote, by contrast, has already received tax-exempt status under § 501(c)(3). D. Ct. Dkt. No. 103 at 9. Whatever constitutional injury True the Vote may have suffered as a result of delay, the period of delay has ceased. Therefore, there is nothing for declaratory or injunctive relief to address. As Judge Walton recognized when distinguishing the district court's opinion in *Z Street*, this "critical fact renders *Z St., Inc. v. Koskinen* inapplicable to the Court's analysis." *Id.* at 9 n.5 (citation omitted). In any event, the applicability of *Z Street* to the district court's resolution of the Government's claims here is a pure question of law that this Court can properly address.

promptly set a briefing schedule to permit consideration of their qualified immunity defense.[4]    Qualified immunity should be resolved at the "earliest possible stage in litigation." *E.g.*, *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).  Because the availability of a *Bivens* remedy is "antecedent" to the qualified immunity defense, *Davis v. Billington*, 681 F.3d 377, 380 (D.C. Cir. 2012), it too must be resolved at the earliest possible opportunity.[5]  To ensure that defense is resolved at the earliest possible stage, the claims against the Individual Defendants should not be remanded and their resolution should not be deferred pending any sort of remand.  Indeed, True the Vote apparently will seek discovery in any remand.  *See* Mot. 11 (requesting remand for "fact finding on the merits").  However, until "'th[e] threshold immunity question is resolved, discovery should not be allowed,'" *Siegert v. Gilley*, 500 U.S. 226, 231 (1991), including discovery against non-immune defendants, *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) (rejecting

---

[4] The district court determined that it need not address the Individual Defendants' qualified immunity defense because this Court's precedent does not permit the creation of a *Bivens* remedy against the Individual Defendants in any event.  D. Ct. Dkt. No. 103 at 14.  This Court, however, may affirm the district court's judgment on the alternative ground that the Individual Defendants are entitled to qualified immunity.  *See, e.g.*, *Malladi Drugs & Pharm., Ltd. v. Tandy*, 552 F.3d 885, 892 (D.C. Cir. 2009).

[5] Perhaps for that reason, the district court recognized that there is "no just reason for delay" when certifying its dismissal of the *Bivens* claims in a case with similar claims.  *See* Fed. R. Civ. P. 54(b); *Linchpins of Liberty v. United States*, No. 13-cv-777 (D.D.C. Nov. 18, 2014) (Dkt. No. 100).

argument that "discovery for petitioners"—who asserted immunity—"can be deferred while pretrial proceedings continue for other defendants"). Accordingly, the Individual Defendants' qualified immunity defense should be resolved by this Court, in this appeal, ahead of further proceedings (if any) in the district court.

## **CONCLUSION**

The Court should deny True the Vote's motion for partial remand and order briefing on the issues on appeal.

July 31, 2015                                      Respectfully submitted,

/s/ Brigida Benitez                               /s/ Jeffrey A. Lamken

Brigida Benitez                                   Jeffrey A. Lamken
  *Counsel of Record*                      *Counsel of Record*
STEPTOE & JOHNSON LLP                             Martin V. Totaro
1330 Connecticut Avenue, N.W.                     Eric R. Nitz
Washington, D.C. 20036                            MOLOLAMKEN LLP
(202) 429-3000 (telephone)                        The Watergate, Suite 660
(202) 429-3902 (facsimile)                        600 New Hampshire Avenue, N.W.
bbenitez@steptoe.com                              Washington, D.C. 20037
                                                  (202) 556-2000 (telephone)
                                                  (202) 556-2001 (facsimile)
                                                  jlamken@mololamken.com

*Counsel for David Fish, Steven*                  *Counsel for Ronald Bell, Janine L.*
*Grodnitzky, Lois Lerner, Steven L.*              *Estes, Susan Maloney, and Faye Ng*
*Miller, Holly Paz, Michael Seto,*
*Douglas H. Shulman, Cindy M.*
*Thomas, and William W. Wilkins, Jr.*

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 31, 2015, I caused one copy of the foregoing Joint Opposition to Plaintiff-Appellant's Motion for Partial Reversal and Remand to be filed with the Clerk of Court and served on all parties using the CM/ECF System.


/s/ Jeffrey A. Lamken
Jeffrey A. Lamken