IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TRUE THE VOTE, INC., | ) |
| | ) |
|     Plaintiff-Appellant | ) |
| | ) |
| v. | ) No. 14-5316 |
| | ) |
| INTERNAL REVENUE SERVICE, et al., | ) |
| | ) |
|     Defendants-Appellees | ) |

**REPLY IN SUPPORT OF MOTION TO SET BRIEFING SCHEDULE PURSUANT TO MAY 8, 2015 ORDER REGARDING *Z STREET v. KOSKINEN*, FILED BY APPELLEES THE UNITED STATES OF AMERICA AND THE INTERNAL REVENUE SERVICE**

On May 8, 2015, this Court, on its own motion, ordered that the instant appeal be held in abeyance pending further order of the Court and directed the parties to file motions to govern future proceedings in the case within 30 days after the Court's resolution of *Z Street v. Koskinen*, No. 15-5010. In response to that order, the Government filed a motion on July 20, 2015, advising the Court that *Z Street* does not dispose of (or even address) the issues raised in the appeal, and requesting that the Court order the parties in this case to proceed with briefing as set out in the parties' Joint Submission on Briefing Format. Plaintiff-Appellant True the Vote filed an opposition to our motion on

12957514.1

July 30, 2015. The argument raised in True the Vote's opposition is the same argument raised in its motion for partial reversal and remand (filed on July 20, 2015 in response to this Court's May 8, 2015 order). As the Government has advised in its opposition to True the Vote's motion for partial reversal and remand, and reiterates below, True the Vote has failed to demonstrate that the rarely granted relief of summary reversal is merited here.

True the Vote contends (as it did in its motion for summary reversal) that the District Court contravened *Z Street* because (according to True the Vote) "the district court did not accept [the complaint's] allegation [regarding unconstitutional delay in the IRS's tax-exempt-application process] as true." (True the Vote Opposition at 3.) That contention is incorrect. The District Court expressly assumed all the allegations in True the Vote's complaint to be true, but held that, even if they were true, the allegations had become moot after the IRS granted True the Vote's application for tax exemption, abandoned the complained-of procedures, and implemented remedial measures. *See* U.S. Opposition to True the Vote's Motion for Partial Reversal and Remand ("U.S. Opposition"), filed July 30, 2015, at 7-9.

Nor did the District Court go "out of its way to resolve disputed issues of fact using selective and improper use of judicial notice" (True the Vote Opposition at 3). *See* U.S. Opposition at 6-16. Rather, the District Court — heeding the limitations of its own jurisdiction pursuant to the "live controversy" requirement of Article III of the Constitution — properly addressed whether the claims raised by True the Vote's complaint had become moot. This Court's *Z Street* decision sheds no light on the accuracy of the District Court's mootness determination because that decision addresses neither the mootness doctrine nor the proper scope of judicial notice.

In any event, whether the District Court erred in its mootness determination is — at a minimum — not so clear as to justify summary reversal, as we briefly illustrated in our opposition to True the Vote's motion for summary reversal. Rather, that question should be fully briefed, just like the other issues raised by the appeal. True the Vote's motion for summary reversal should be denied, and the appeal should proceed to full briefing and argument, as the Government properly requested in its motion addressing the *Z Street* decision.

## CONCLUSION

The Government respectfully requests that the Court order the parties in this case to proceed with briefing as proposed by the parties in their Joint Submission on Briefing Format filed on April 27, 2015, utilizing the agreed-upon briefing schedule outlined in the Government's *Z Street* motion (at 8-9).

                                Respectfully submitted,

                                /s/  Judith A. Hagley
                                JUDITH A. HAGLEY      (202) 514-8126
                                  *Attorney for the United States & the IRS*
                                  *Tax Division*
                                  *Department of Justice*
                                  *Post Office Box 502*
                                  *Washington, D.C. 20044*
                                  Judith.a.hagley@usdoj.gov
                                  Appellate.Taxcivil@usdoj.gov

*Of Counsel:*

VINCENT H. COHEN, JR.
  *Acting United States Attorney*

August 6, 2015

12957514.1

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2015, I electronically filed the foregoing reply in support of motion to set briefing schedule, filed by Appellees the United States of America and the Internal Revenue Service, with the Clerk of the Court for the United States Court of Appeals for the District of Columbia by using the CM/ECF system. Counsel for the appellant and the individual appellees are registered CM/ECF users and are being served by the CM/ECF system.

<u>/s/ Judith A. Hagley</u>
JUDITH A. HAGLEY
 *Attorney for Appellees United States & IRS*

12957514.1