IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

TRUE THE VOTE, INC.

        Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE, *et al.*

        Defendants-Appellees.

No. 14-5316

**Plaintiff-Appellant's Reply to Government's Opposition to Plaintiff-Appellant's Motion for Partial Reversal and Remand**

The United States of America and the Internal Revenue Service (hereafter, the "Government") oppose Plaintiff-Appellant True the Vote's Motion for Partial Reversal and Remand. (Doc. #1565455, hereafter "Opp.") True the Vote states the following in reply:

**I.    True the Vote's Motion is Timely.**

The Government suggests that True the Vote's motion is a "belated attempt to seek summary reversal" outside the 45-day window provided by this Court's rules. (Opp. at 2-3.) The Government ignores that True the Vote's motion was filed in response to this Court's order that directed the parties to file motions to govern future proceedings in this case within 30 days after the Court's resolution of *Z Street v. Koskinen*, No. 15-5010. True the Vote's motion was filed within 30 days of the *Z Street* decision, is based upon this Court's analysis of an analogous IRS

1

policy in that decision, and is therefore timely and ripe for consideration.

## II. *Z Street* Addresses the Proper Standard of Review Under Federal Rule of Civil Procedure 12(b)(1) Where Allegations of IRS Targeting are Pleaded.

The underlying rule of *Z Street* is simple: under Federal Rule of Civil Procedure 12(b)(1), the district court was required to assume the truth of the allegations concerning the existence of an IRS policy that discriminated on the basis of viewpoint. *Z Street v. Koskinen*, 2015 U.S. App. LEXIS 10326, *8 (D.C. Cir., June 19, 2015). In other words, the court must begin from the presumption that the IRS is discriminating against True the Vote because of its perceived viewpoint.

The district court determined it no longer needed to assume the truth of True the Vote's allegations because the court was "convinced" by certain disputed facts that the IRS targeting scheme had ceased and was not likely to recur. To rebut the presumption of Rule 12(b)(1), such facts must be admissible. They were not.

The IRS misunderstands the judicial notice standard when it argues that the IRS's announced change in policy is the proper subject of judicial notice because it is "undisputed" that the announcement was made. (Opp. at 14.) Whether the announcement was made is irrelevant to the inquiry. Whether the changes actually occurred is what determines whether the fact of such changes is subject to judicial notice. However, whether those changes were implemented in such a way as to

2

completely eradicate the ongoing targeting of certain tax-exempt groups is a question of considerable dispute in both this case and in *Z Street*, and is therefore not a fact subject to judicial notice. *Dasisa v. Univ. of Mass.*, 2006 U.S. App. LEXIS 12547, *2 (D.C. Cir. May 2, 2006) (unpublished) ("Insofar as the request pertains to matters that are debatable, these do not qualify as 'adjudicative facts' of which the court will take judicial notice under Rule 201.").

Moreover, since the Motion was filed, the Government Accountability Office issued a report, which calls into question the veracity of the IRS's announced changes. The report concludes that there remain "internal control deficiencies" at the IRS that "increase[] the risk of unfair selection of organizations' returns for examination." United States Government Accountability Office, IRS Examination Selection, Internal Controls for Exempt Organization Selection Should Be Strengthened, July 2015, *available at* http://www.gao.gov/assets/680/671362.pdf. These findings were not limited to the initial review of applications, but included the IRS's ongoing oversight of existing exempt organizations' compliance with the tax code. It is therefore *not* "undisputed" that the IRS has taken correction actions render True the Vote's claims moot, as the Government asserts. (Opp. at 9.)

True the Vote does not "ignore" the fact that its application for a tax exemption has been granted. (Opp. at 8.) The Individual Defendants recognize that

Z Street challenged only the unconstitutional delay of its application. (Opp. at 8.) True the Vote's challenge is much broader in scope. (*See* Dkt. 14 at 47 (seeking injunction against IRS Targeting Scheme and "any other similar policy").) *Z Street* also did not address the "voluntary cessation" exception to mootness, which the district court held did not apply in this case because of "facts" of which it took improper judicial notice. Whether *Z Street* would have been mooted if the IRS had acted on Z Street application while the case was pending (Opp. at 8 n.1) thus does not resolve the additional arguments advanced in this case.

*Z Street*'s relevance does not depend on whether it directly addresses the proper use of judicial notice. (Opp. at 4.) The Rule 12(b)(1) standard articulated in *Z Street* as it relates to this context is what matters. The district court's improper reliance on judicial notice caused it to contravene the rule of *Z Street* and erroneously dismiss True the Vote's claims as moot. Because this Court would benefit from fact finding on the issue of whether True the Vote is currently under threat of viewpoint discrimination, remand is warranted. *Latif v. Obama*, 666 F.3d 746, 763 n.19 (D.C. Cir. 2011) (internal quotations omitted). ("Remand is warranted not only when further fact-finding by the district court is necessary, but also when it would be helpful.").

Dated: August 6, 2015

Respectfully submitted,


Cleta Mitchell (D.C. 433386)
Michael J. Lockerby (D.C. 502987)
FOLEY & LARDNER, LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, DC 20007
(202) 672-5300 (telephone)
(202) 672-5399 (fax)
mlockerby@foley.com
cmitchell@foley.com


 -and-

William E. Davis (D.C. 280057)
Mathew D. Gutierrez (Fla. 0094014)
FOLEY & LARDNER, LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
(305) 482-8404 (telephone)
(305) 482-8600 (fax)
wdavis@foley.com
mgutierrez@foley.com
*Lead Counsel for Appellant*

   /s/ Noel H. Johnson
Kaylan L. Phillips (D.C. 1110583)
Noel H. Johnson (Wisc. 1068004)
PUBLIC INTEREST LEGAL FOUNDATION
209 West Main Street
Plainfield, IN 46168
(317) 203-5599 (telephone)
(888) 815-5641 (fax)
kphillips@publicinterestlegal.org

njohnson@ publicinterestlegal.org
*Counsel for Appellant*

John C. Eastman (Cal. 193726)
Center for Constitutional Jurisprudence
c/o Chapman University School of Law
One University Drive
Orange, CA 92866
(877) 855-3330 x2 (telephone)
(714) 844-4817 (fax)
jeastman@chapman.edu
*Counsel for Appellant*

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Reply to the Government's Opposition to Plaintiff-Appellant's Motion for Partial Reversal and Remand with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on August 6, 2015. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated: August 6, 2015                           /s/  Noel H. Johnson
                                              *Counsel for Appellant*